
FILED
AUG 01 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARRY HAMILTON,<br><br>Defendant. | Cause No. CR 06-59-M-DWM<br>CV 12-37-M-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On March 15, 2012, Defendant Garry Hamilton, a citizen of Canada, submitted a letter to the Court, seeking a reduction of his sentence based on his willingness to be removed from the United States. Hamilton is a federal prisoner proceeding pro se.

On March 30, 2012, Hamilton was notified that his letter would be recharacterized as a motion under 28 U.S.C. § 2255. He was also given an opportunity to set forth any additional claims he might intend to bring and was required to show cause why his motion should not be time-barred. Notice and Order

1

(doc. 37) at 2-3. Hamilton responded on April 13, 2012, agreeing to recharacterization and asserting that he should not be time-barred because the information underlying his claim only recently came to his notice. Resp. (doc. 38) at 1. While the motion almost certainly is time-barred, 28 U.S.C. § 2255(f)(1), it is more efficient to address its merits.

Hamilton pled guilty to conspiracy to import marijuana and conspiracy to export cocaine. 21 U.S.C. §§ 952, 953, 963, 960(a)(1). He was subject to a ten-year mandatory minimum for the cocaine conspiracy and a five-year mandatory minimum for the marijuana conspiracy. 21 U.S.C. § 960(b)(1)(B), (2)(G). Initially, his advisory guideline range was 135 to 168 months. Sentencing Tr. (doc. 27) at 42:2-21. He received a three-level downward departure for substantial assistance under U.S.S.G. § 5K1.1, and that departure also authorized sentencing below the statutory mandatory minimum, *see* 18 U.S.C. § 3553(e). On November 1, 2007, he was sentenced to serve 97 months in prison on both counts concurrently, to be followed by a five-year term of supervised release if he is in the United States. Sentencing Tr. at 53:20-54:11. The United States appealed the sentence but voluntarily dismissed its appeal. *United States v. Hamilton*, No. 07-30461 (9th Cir. Feb. 7, 2008) (doc. 32).

Hamilton now claims that the United States should have followed a memorandum distributed by Attorney General Janet Reno on April 28, 1995. The

2

memorandum instructs federal prosecutors to take certain steps to facilitate the deportation of criminal aliens. *See generally* Reno Mem. (doc. 36-1) at 1-9. Hamilton also states his intention is "not to fault [his] attorneys" for their lack of awareness of the memorandum, Letter (doc. 36) at 1, although he believes that "if my attorneys were made aware of the ability to utilize the two-level downward departure for the defendant's concession of deportability," they would have used it, *id.* at 2.

The Reno Memorandum, however, does not give Hamilton a right or a basis for relief. First, memoranda circulated among federal prosecutors, like the United States Attorneys' Manual and other such publications, do not create rights a defendant may enforce and do not impose an obligation for prosecutors to tell defense attorneys what they say. *E.g.*, *United States v. Lorenzo*, 995 F.2d 1448, 1453 (9th Cir. 1993); *Rank v. Nimmo*, 677 F.2d 692, 698-99 (9th Cir. 1982).

Second, the Memorandum provides only that "prosecutors *may* agree to recommend a one or two level downward departure from the applicable guideline sentencing range in return for the alien's concession of deportability and agreement to accept a final order of deportation." Reno Mem. at 2 para. 2 (emphasis added). The Memorandum does not require prosecutors to recommend a downward departure in every case and regardless of circumstances. In Hamilton's case, there is reason to believe the United States would not have agreed to an even greater reduction of

Hamilton's sentence than he obtained under U.S.S.G. § 5K1.1. In fact, it initially sought to limit the extent of that departure to the ten-year mandatory minimum. Mot. § 5K1.1 (doc. 22) at 2 ("The United States does not move for a departure below the mandatory minimum sentence of ten years.").[1]

Third, the Reno Memorandum was written in April 1995. The legal landscape at that time was very different than it was ten years later, when Hamilton's case arose. Between 1990 and 1996, an alien who became deportable following his guilty plea to an aggravated felony,[2] and who was sentenced to serve less than five years in prison, could attempt to persuade immigration authorities to exercise their discretion to grant him relief against deportation. Under those circumstances, the United States' recommendation of a one- or two-level downward departure might be a fair, tit-for-tat exchange for an alien's concession of deportability. For example, a prosecutor might agree to a downward departure that would likely result in a sentence under five years, and at the same time the alien might agree not to seek relief from deportation.

---

[1] Discussion of the substantial-assistance departure at sentencing was held at side-bar. It was not transcribed and is not in the Court's record. Initially, however, the Presentence Report calculated an advisory guideline range of 168-210 months. Following the Court's determination that the base offense level should be decreased to 34, *see* Sentencing Tr. at 10:4-22, 39:5-8, so that the advisory guideline range was 135-168 months, the United States modified its position to the extent it agreed to open the sentencing range below the mandatory minimum. *See* Sentencing Tr. at 43:23-44:10.

[2] The term "aggravated felony" includes Hamilton's drug trafficking offenses, *see* 8 U.S.C. § 1101(43)(B), 18 U.S.C. § 924(c)(2), and has included them since at least October 1994.

4

But in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which precluded discretionary relief against removal for aliens convicted of aggravated felonies. *See generally INS v. St. Cyr*, 533 U.S. 289, 297 (2001). Aliens like Hamilton, whose guilty pleas rendered them deportable and who entered their pleas after the effective date of AEDPA (and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA)), are not and never have been eligible for such discretionary relief against removal. *United States v. Velasco-Medina*, 305 F.3d 839, 849-50 (9th Cir. 2002). Therefore, Hamilton's proposal to stipulate to removal in exchange for a one- or two-level downward departure would have been an offer of no value to the United States. As of April 1996, the Reno Memorandum became virtually a dead letter, at least as to cases like Hamilton's. There is no reasonable probability the United States would have recommended a departure based on Hamilton's agreement not to resist the inevitable. And had Hamilton's attorneys moved for such a departure, it would not have been granted.

Finally, Hamilton's plea agreement contemplated his transfer to Canada to serve his sentence. Plea Agreement (doc. 15) at 10-11 ¶ 15. The United States authorized the transfer in 2008. Approval Letter (doc. 34-1 at 10). Canada refused it. Letter (doc. 34) at 1-2. Canada obviously was not bound by the Plea Agreement. The United States honored it. Neither the United States nor Hamilton's attorneys are

5

responsible for Hamilton's disappointed expectations.

Hamilton's letter, recharacterized as a motion under 28 U.S.C. § 2255, alleges facts constituting neither prosecutorial misconduct nor ineffective assistance of counsel. The 1995 Reno Memorandum created no rights enforceable by defendants and no obligation on prosecutors. It did not purport to apply in all cases under all circumstances. And it had no bearing on Hamilton's situation after AEDPA's amendments to the immigration laws. Notwithstanding the time bar, *see* 28 U.S.C. § 2255(f)(1), Hamilton fails to state a claim on which relief might be granted. Nor has he made any showing that he was deprived of a constitutional right. There is no reason to encourage further proceedings. A certificate of appealability is not warranted. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Hamilton's letter, recharacterized with his consent as a motion to vacate, set aside, or correct the sentence (doc. 36), is DENIED for lack of merit.

2. A certificate of appealability is DENIED.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 12-37-M-DWM are terminated and shall close the civil file by entering judgment

in favor of the United States and against Hamilton.

DATED this 1st day of August, 2012.

Donald W. Molloy
United States District Court